10-1317-cv
Gartner, Inc. v. St. Paul Fire & Marine Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of March, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
           PETER W. HALL,
                *Circuit Judges*.
-----------------------------------------------------------------------------
GARTNER, INC.,

                *Plaintiff - Counter-Defendant - Appellant*,


           v.                                              No. 10-1317-cv

ST. PAUL FIRE AND MARINE INSURANCE CO.,
                *Defendant - Counter-Claimant - Appellee*.
-----------------------------------------------------------------------------

APPEARING FOR APPELLANT:        STEVEN L. SCHRECKINGER, Lynch, Brewer, Hoffman & Fink, LLP, Boston, Massachusetts.

APPEARING FOR APPELLEE:         ROBERT L. CIOCIOLA (Melicent B. Thompson, Kathleen F. Adams, *on the brief*), Litchfield Cavo, LLP, Avon, Connecticut.


Appeal from the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 11, 2010, is AFFIRMED.

Plaintiff Gartner, Inc., appeals from an award of summary judgment in favor of defendant St. Paul Fire and Marine Insurance Co. ("St. Paul") on Gartner's duty-to-defend claim. We review an award of summary judgment de novo, see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010), and we affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Gartner submits that the district court erred in concluding as a matter of law that St. Paul had no duty to defend Gartner in an action filed by Expert Choice, Inc. ("ECI") asserting various claims with respect to ECI's intellectual property. Gartner asserts that ECI's complaint can be construed to allege personal and/or advertising injuries, triggering St. Paul's duty to defend. Under Connecticut law, which controls this action, an insurer's duty to defend, being much broader in scope and application than its duty to indemnify, depends not on the manner in which the injured's complaint is drafted, but rather on its "substantive thrust" and the facts alleged therein. R.C. Bigelow, Inc. v. Liberty Mut. Ins. Co., 287 F.3d 242, 245-46 (2d Cir. 2002) (citing QSP, Inc. v. Aetna Cas. & Sur. Co., 256 Conn. 343, 376, 773 A.2d 906, 927 (2001), and Springdale Donuts, Inc. v. Aetna Cas. & Sur. Co. of Ill., 247 Conn. 801, 807, 724 A.2d 1117, 1120 (1999)). We adhere to "broad

2

interpretation" standards in construing an insurance policy under Connecticut law. QSP, Inc. v. Aetna Cas. & Sur. Co., 256 Conn. at 376, 773 A.2d at 927 (internal quotation marks omitted). Nevertheless, for substantially the reasons stated in the district court's thorough and well-reasoned opinion, we independently conclude that the allegations in ECI's complaint do not fall "'even possibly within the coverage'" of the personal or advertising injury provisions. Id. (quoting Moore v. Cont'l Cas. Co., 252 Conn. 405, 409, 746 A.2d 1252, 1254 (2000)).

In urging otherwise, Gartner submits that ECI's allegations can be construed to charge disparagement, which comes within both the personal injury and advertising injury provisions. We are not persuaded. To the extent ECI's complaint charges Gartner with representing that ECI's product was "obsolete," it fails to allege that Gartner communicated such disparagement to any third party so as to trigger coverage. See Springdale Donuts, Inc. v. Aetna Cas. & Sur. Co. of Ill., 247 Conn. at 810-11, 724 A.2d at 1122 (concluding that there was no duty to defend under personal injury provision requiring "publication" of slanderous material where underlying action failed to allege insured communicated disparaging information to third party). Indeed, in context, it is plain that ECI's complaint charges Gartner with communicating the "obsolete" opinion to ECI itself in order to lure it into fruitless licensing renegotiations. Am. Compl. ¶ 74. Gartner contends ECI's allegation that Gartner's description of its methodology as "new" in the course of "tout[ing]" a tutorial for the Decision Drivers product, id. ¶ 56, constituted an allegation of disparagement of ECI's product. Contrary to Gartner's contention, these allegations cannot plausibly be read

3

to suggest that ECI was accusing Gartner of disparaging, explicitly or implicitly, ECI's product. Instead, the "substantive thrust" of the allegations, like that of ECI's complaint generally, is that Gartner misappropriated ECI's software, passed it off as its own, and misrepresented <u>to ECI</u> that it developed its product independently of ECI's intellectual property. <u>R.C. Bigelow, Inc. v. Liberty Mut. Ins. Co.</u>, 287 F.3d at 246. This is not a claim for personal or advertising injury. Nor does ECI's complaint accuse Gartner of otherwise disparaging ECI's product.

Gartner also faults the district court for not considering whether ECI's complaint could be read to allege Gartner's wrongful use of the terms "Decision Drivers," "Analytic Hierarchy Process," "AHP," "decision-making methodology," and "decision tools" in its advertising. In fact, ECI's complaint does not allege that ECI has any proprietary interest in those terms, which would be necessary to charge Gartner with "[u]nauthorized use of any advertising material, slogan or title <u>of others</u>," so as to trigger advertising injury coverage. St. Paul Technology Commercial General Liability Protection Agreement 3 (emphasis added). Indeed, ECI's complaint plainly indicates that the term "Decision Drivers" belonged to Gartner, not ECI, <u>see, e.g.</u>, Am. Compl. ¶ 64, and that ECI was only "<u>one</u> of the world's leading vendors of <u>AHP</u>-based decision software," <u>id.</u> ¶ 6 (emphasis added), implying no exclusive right to use that acronym. Extrinsic materials referenced by Gartner do not alter this conclusion; they demonstrate only that ECI sought broad discovery of Gartner's revenues on the theory that ECI was entitled to royalties from <u>any</u> use of its intellectual property under the parties' licensing agreements. Accordingly, any allegation that Gartner

4

used the identified terms in its advertising did not trigger coverage under the advertising injury provision.

Because we conclude that St. Paul had no duty to defend under the personal or advertising injury provisions, we do not address whether specific exclusion provisions or the doctrine of laches preclude Gartner's claims.

We have considered Gartner's remaining arguments and conclude that they are without merit. For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court